Fred M. COOK et al., Appellants,

v.

Ray EIZENMAN et al., Appellees.

No. 19674.

United States Court of Appeals
Fifth Circuit.

Jan. 9, 1963.

Montague Rosenberg, Miami Beach, Fla., for appellants.

Andrew L. Kennedy, Miami, Fla., Milton E. Grusmark, Sibley, Grusmark, Giblin, King & Levenson, Miami Beach, Fla., Martin Lemlich, Miami, Fla., for appellees.

Before JONES and BELL, Circuit Judges, and CARSWELL, District Judge.

JONES, Circuit Judge.

Fred M. Cook, ten other named plaintiffs, and the wives of two of them, brought suit against Inter-City Finance Corporation, Ray Eizenman, M. A. S. Makris, Clyde Levingston, Norman Herman, Bernard Marcus, Leon Gradsky, and Harold Gradsky. The cause of action was based upon alleged sales of securities in violation of 15 U.S.C.A. § 77l, in inducing the plaintiffs, by false and fraudulent representations, to purchase stock of or make loans to Inter-City. In the complaint it was asserted that the action was brought as a class suit. Many more plaintiffs were named in the complaint or in an attached exhibit. Three persons were allowed to intervene as plaintiffs. No process was served on the defendant Herman. A receiver was appointed for Inter-City who reported that he could locate no assets belonging to it. The defendants Marcus and Harold Gradsky went out of the case by summary judgments. A default was entered against the defendant Makris. The case was tried by the district court without a jury. Findings of fact and conclusions of law were made.

The district court found that Inter-City had been organized early in 1958 with substantially all of the stock being held by Orin Rogers. It got into financial difficulty about August 1959. On October 9, 1958, Rogers sold his stock to the defendant, Ray Eizenman, who succeeded Rogers as president and held that office until June 30, 1959, when she resigned her office, sold her stock to the defendant, M. A. S. Makris, and terminated her relationship with Inter-City. The defendant, Clyde Levingston, became secretary-treasurer of the corporate defendant on or about July 1, 1959. Leon Gradsky had been an employee of Inter-City prior to April 1959, but had no discussions with any of the plaintiffs regarding stock or notes of Inter-City and made no sales to any of them. Judgment was entered for him as to all plaintiffs. The court found that defendants Eizenman, Makris and Inter-City had made sales of Inter-City's stock or notes, or both, by means of untrue representations to three of the plaintiffs, and that Eizenman, Makris, Levingston and Inter-City had made such sales, by means of untrue representations, to three of the plaintiffs. The court found that the remaining plaintiffs had failed to prove any violations of the statute. 15 U.S.C.A. § 77l, and the defendants were therefore not liable. In its conclusions of law the district court incorporated the following:

"This is not a true or hybrid class action. Plaintiffs seek to maintain this suit as a spurious class action under Rule 23(a) (3), which is merely a permissive joinder device where there is a common question of law or fact and common relief is sought. Such a spurious class action involves separate causes of action and each plaintiff must be able to prove

a violation of the statute in question giving rise to civil liability without reference to the other causes of action."

Six instruments, all captioned "Final Judgment" were entered in the cause. On December 29, 1961, two final judgments were entered, one for the plaintiff Emma B. Alford, and the other for Henry C. Ballem and Lillian E. Ballem, both of which were for the recovery of stated amounts against Ray Eizenman, M. A. S. Makris, Clyde Levingston, and Inter-City Finance Corporation. On January 3, 1962, two more "Final Judgments" were entered against the same defendants as in the earlier judgments except Clyde Levingston. One of these judgments was in favor of the plaintiff Stephen L. Barlough and the other was in favor of the plaintiffs Charles and Maude Anderson. Also on January 3, 1962, a "Final Judgment" was entered dismissing the claims of forty-seven of the plaintiffs whose claims were not proved. On January 5, 1962, two more "Final Judgments" were entered. One of these recited that the defendant Leon Gradsky was not liable to any plaintiff or intervenor and dismissed the complaint as to him. The other entered judgment in favor of the defendant Ray Eizenman against seventy-six named plaintiffs.

Although the findings of fact and conclusions of law provide for the disposition of the claims of all the plaintiffs and intervenors against all the defendants then remaining, there is no judgment which disposes of the claims of some of the plaintiffs against some of the defendants.

On January 10, 1962, the defendant, Ray Eizenman, filed a motion asking that the court amend its findings of fact and conclusions of law, and that it amend the judgments against her entered on December 29, 1961, and on January 2, 1962. On January 18, 1962, the court denied the motion. On February 15, 1962, "all those certain plaintiffs denied final judgment by final judgment dated January 5, 1962," filed a notice of appeal from "the final judgment herein entered on to wit January 5, 1962, and the orders supplemental to final judgment herein including order on pending motions made and entered January 18, 1962, and the order of January 10, 1962, staying execution on judgment."

The appellants have set forth nine specifications of error. Of these, only the second [1] and the third [2] are covered by the appellants' brief. One motion to dismiss was filed by Harold Gradsky and Leon Gradsky, and another was filed by Ray Eizenman. These motions were denied.

Although motions to dismiss the appeal have been denied, the Court is not precluded from a further inquiry as to its jurisdiction and is not relieved of the duty of dismissing the appeal if it appears that there is no jurisdiction. Unless there is an order or judgment disposing of the entire case and adjudicating all rights there is no final judgment. Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911. As a general rule, an appeal may be taken only from a final judgment. The 1948 version of Rule 54(b) did not authorize an appeal from a judgment for or against one or more but less than all of the parties. Reagan v. Traders & General Insurance Co., 5th Cir. 1958, 255 F.2d 845; Meadows v. Greyhound Corporation, 5th Cir. 1956, 235 F.2d 233; Nettles v. General Accident Fire and Life Assurance Corporation, 5th Cir. 1956, 234 F.2d 243. The Rule, as amended in 1961,[3] made it

---

1. "The court erred in denying recovery to the appellants as to Defendant Makris as against him a default judgment has been entered."

2. "The court erred in its findings and conclusions of law that this is not a class suit."

3. "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only

possible for the district court to enter a final and appealable judgment for or against one or more but less than all of the parties if, and only if, the determination was made and the direction given as required by the rule.

 There is no judgment with respect to whether the defendant Leon Gradsky is liable to any plaintiff although it is stated in the findings and conclusions that he is not. The plaintiffs Barlough and Anderson have judgments against some of the defendants but there is no adjudication as to whether or not there is any liability to them by the defendant Levingston. There are judgments against the defendant Ray Eizenman in favor of some of the plaintiffs and judgments in her favor as to the other plaintiffs. There is no judgment eliminating the claims of the plaintiffs Davignon, Doyle, Durbin, Holcomb, and Fondell against the defendants Makris, Levingston and Inter-City Finance Corporation.[4] Thus it seems clear that there were claims asserted by plaintiffs whose rights against some of the defendants are not adjudicated. There is no determination of absence of a just reason for relay as is required by the rule. No effort has been made to invoke the Interlocutory Appeals Amendment of 1958, 28 U.S.C.A. § 1292(b). We come to the conclusion that no judgment has yet been entered from which an appeal may be taken. It follows that the appeal must be dismissed.

The disposition which we have made makes it unnecessary to decide whether there was a timely filing of the notice of appeal.

The appeal is

Dismissed.

---

upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all of the parties shall not terminate the action as to any of the claims or parties, and the order of other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 54(b) Fed. Rules Civ.Proc. 28 U.S.C.A.

4. If the district court's conclusion that this is a spurious class action is correct, the representative group would not be bound by a Judgment against them. 3 Moore's Federal Practice 3465. Par. 23, 11[3]. Hence we discuss only the claims of the plaintiffs who brought the suit and the intervening plaintiffs.