*[1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of

ly erroneous. *See* Moss v. Craven, 427 F.2d 139 (9th Cir. 1970); Knowles v. Gladden, 378 F.2d 761 (9th Cir. 1967). On the record before us, we cannot find error. There was substantial justification for concluding, as did the District Court, that Albrecht's plea was valid. *See* Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); McMann v. Richardson, 397 U. S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Brady v. United States, 397 U. S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Knowles v. Gladden, *supra.*

Affirmed.

**INTERNATIONAL HARVESTER CREDIT CORPORATION et al., Plaintiffs-Appellees,**

v.

**Edward R. BELDING, Defendant-Appellant.**

**No. 72–1021**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 21, 1972.

New York et al., 5 Cir., 1970, 431 F.2d 409.

---

Danny Cupti, Dixon L. Pyles, Pyles & Tucker, Jackson, Miss., for defendant-appellant.

L. N. D. Wells, Jr., Dallas, Tex., Fountain D. Dawson, Mullinax, Wells, Mauzy & Baab, Inc., by Beverly N. Ballantine, Greenville, Miss., Thomas F. Phalen, Jr., W. C. Smith, Jr., Jackson, Miss., for Teamsters Local Union No. 891.

Lawrence J. Frank, Jackson, Miss., R. Ian Hunter, Detroit, Mich., Sorrell Logothetis, Jackson, Miss., Knee, Snyder & Parks, Dayton, Ohio, for Teamsters Local Union No. 654.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

The entry of judgment in the within matter adjudicated fewer than all of the claims, and the liabilities of fewer than all of the parties in and to the litigation. There has been no entry of final judgment by the district court upon an express determination that there is no just reason for delay as is required by Rule 54(b), F.R.Civ.Procedure. Hence, the judgment lacks the requisite finality to be appealable within the meaning of 28 U.S.C.A. § 1291. Bailey v. Rowan Drilling Company, 5 Cir., 1971, 441 F.2d 57; Cook v. Eizenman, 5 Cir., 1963, 312 F.2d 134.

Dismissed.