**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**CROW, POPE AND LAND ENTERPRIS-
ES, INC., Defendant-Appellee.**

**No. 72–2381.**

United States Court of Appeals,
Fifth Circuit.
Feb. 14, 1973.

As Amended March 8, 1973.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., Kent Frizzell, Asst. Atty. Gen., Carl Strass, Atty., Raymond N. Zagone, Edmund B. Clark, Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Moreton Rolleston, Jr., Atlanta, Ga., for defendant-appellee.

Before GODBOLD, DYER and CLARK, Circuit Judges.

DYER, Circuit Judge:

This is an appeal from the district court's decision, 340 F.Supp. 25, that the "Chattahoochee River between Peachtree Creek and Buford Dam is not a navigable water of the United States within the meaning of 33 U.S.C.A. §§ 403 and 407, and, therefore, the defendant . . is not subject to the provisions of those statutes." We dismiss the appeal for want of jurisdiction.

The United States seeks to permanently enjoin Crow, Pope and Land Enterprises (CPLE) from polluting the Chattahoochee. Allegedly, pollutants are being dumped into the river as a result of CPLE's expansion of an apartment complex known as Riverbend, which is located along the west bank at mile 306 of the Chattahoochee in Cobb County, Georgia. The Government argues that the river is a navigable water of the United States, that CPLE's Riverbend construction on the floodplain of the Chattahoochee violates 33 U.S.C.A. § 403, and that as a result of the excavation and grading at the construction site CPLE is illegally depositing and discharging refuse into a navigable water in violation of 33 U.S.C.A. § 407. Moreover, the United States contends that an injunction should issue even if the Chattahoochee is not navigable between Peachtree Creek (mile 300) and Buford Dam (mile 348); for, notwithstanding its non-navigability, that segment of the river is a tributary of a navigable water and, therefore, the defendant's conduct is still violative of § 407. It is undisputed that downstream from Peachtree Creek portions of the Chattahoochee are navigable.

At the hearing for a preliminary injunction, the parties stipulated that that single hearing "would constitute the final hearing on the issue of navigability"; CPLE entered into a consent order with the Government requiring the defendant to take certain affirmative measures to prevent further pollution of the Chattahoochee during the pendency of the suit; and both of the parties and the district court agreed to postpone consideration of the tributary issue. As a result of this agreement, neither of the parties submitted any evidence nor did either present legal argument on the Government's tributary contention. Even though the parties had not yet had an opportunity to try this issue and despite the fact that the record was completely barren of any evidence on the question, the district court nevertheless entered an order not only determining that the stretch of the Chattahoochee in question was non-navigable, but also rejecting as without merit the Government's tributary theory. Strangely, the court based its conclusion that CPLE was not liable under the tributary provisions of § 407 on the fact that there had been no showing that "what the defendant is depositing in the subject section of the river will either float or be washed downstream to a navigable portion of the river. . . . ."

Obviously, there had been no such proof because the court had, on the basis of the parties' stipulation, agreed that it would reserve adjudication of this question for a later hearing to be held after it had concluded taking evidence on the navigability issue. Such a hearing on the tributary question was not held, and thus the court's conclusion of law was impermissibly based on a total absence of evidence. There has been no adjudication of the tributary issue and consequently it remains open. Because the district court's order can, therefore, in no way be construed as a final appealable order within the meaning of 28 U.S.C.A. § 1291, this Court lacks jurisdiction to entertain the appeal.

■ The injunctive relief which the United States seeks is a single legal right or claim, although whether the Government is entitled to such relief depends on the resolution of alternative legal theories. In the case *sub judice*, the alleged unlawful acts and the two legal theories of relief are so intertwined as to constitute a single claim. The district court's conclusion of non-navigability is not dispositive of the claim for an injunction. Whether or not the Chattahoochee is navigable from mile 300 to mile 348, and we intimate no opinion on that question, the United States may be entitled to the relief it seeks if it can prove the requisite facts to establish a violation of the tributary provisions of 33 U.S.C.A. § 407. While we recognize that, for the purposes of Rule 54(b) of the Federal Rules of Civil Procedure, a separate claim need not be predicated on acts entirely distinct from those on which all of the other asserted claims in the action are bottomed, a mere variation in legal theories is insufficient. *See, e. g.*, Cott Beverage Corp. v. Canada Dry Ginger Ale, Inc., 2 Cir. 1957, 243 F.2d 795.

■ Furthermore, assuming *arguendo* that the navigability issue and the tributary question are separate claims, the district court failed to comply with the certificate requirement of Rule 54(b), which is a jurisdictional prerequisite for an appeal of less than all of the claims in an action. Accordingly, although the parties and the court agreed that the hearing on the navigability question would be on the merits, with the intention of making the court's order an appealable one, this Court lacks jurisdiction of the appeal. A multiple claims action in its entirety is a jurisdictional unit, and a decision on one of the claims does not constitute a final appealable order *unless* the district court makes "an express determination that there is no just reason for delay and . . . an express direction for entry of the judgment." Fed.R.Civ.P. 54(b); *see e. g.*, Bache & Co. v. Taylor, 5 Cir. 1972, 458 F.2d 395; Coulter v. Sears, Roebuck & Co., 5 Cir. 1969, 411 F.2d 1189; Travelers Indemnity Co. v. Erickson, 5 Cir. 1968, 396 F.2d 134. Additionally, even if the district court had made a Rule 54(b) certificate, this Court is not bound by that determination and is free to decide for itself whether there were multiple claims or merely variants of a single claim. *See e. g.*, Howze v. Arrow Transportation Co., 5 Cir. 1960, 280 F.2d 403, cert. denied, 364 U.S. 920, 81 S.Ct. 285, 5 L.Ed. 2d 260.

In accordance with the historic federal policy against piecemeal appeal, this appeal is

Dismissed for lack of jurisdiction and the cause is remanded to the district court for further proceedings.