Learness MELANCON, Plaintiff,

v.

INSURANCE COMPANY OF NORTH
AMERICA and Automobile and Cas-
ualty Underwriters, Defendants-
Appellees,

v.

COATING SPECIALISTS, INC.,
Defendant-Appellant.

No. 72-3309

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 30, 1973.

Rudolph R. Schoemann, New Orleans, La., for defendant-appellant.

Thomas M. Bergstedt, Lake Charles, La., John Rixie Mouton, Lafayette, La., Donald V. Organ, Donald M. Pierce, New Orleans, La., for defendants-appellees.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Alleging that his work aboard the M/V SNIPE aggravated or caused his silicosis or pneumonoconiosis condition, plaintiff sued Insurance Company of North America, State Automobile and Casualty Underwriters, and Coating Specialists, Inc. for damages under the Jones Act and maintenance under the General Maritime Law. The district court granted summary judgment for the Insurance Company only and declared in its judgment "This is a final judgment within the meaning of Rule 54(a) of the Federal Rules of Civil Procedure." Defendant Coating Specialists, which had purchased Jones Act liability coverage from

---

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

the Insurance Company, appeals from this summary judgment. We dismiss this appeal for lack of jurisdiction.

 In a multiple party suit, such as this one, a summary judgment adjudicating the claims or rights and liabilities of fewer than all the parties is not a final appealable judgment within the meaning of 28 U.S.C. § 1291 unless the district court makes (1) an "express determination that there is no just reason for delay" and (2) "an express direction for the entry of judgment." Fed.R.Civ. P. 54(b). Since the district court did not make the requisite "express determination," this court is without jurisdiction to entertain the appeal. Bailey v. Rowan Drilling Company, 5th Cir. 1971, 441 F.2d 57; United States v. Crow, Pope and Land Enterprises, Inc., 5th Cir. 1973, 474 F.2d 200; see 6 J. Moore, Federal Practice, ¶ 54.34 [2.2] n. 10 (2d Ed. 1972).

After summary judgment for the Insurance Company was granted, Coating Specialists moved for leave to file a third party complaint against the Insurance Company, and the district court denied this motion without any reference to the final judgment status of its order or to the question whether any just reason for delaying an appeal from the order existed. Coating Specialists appeals from the denial of the motion, and this appeal has been consolidated with the summary judgment appeal for consideration by this court. This second appeal must also be dismissed. Even if, as we assume here without deciding, the denial of Coating Specialists' motion to file a third party complaint might be appealable if certified by the district court under Rule 54(b), see 6 J. Moore, Federal Practice, ¶ 54.36 (2d Ed. 1972), it is clear that the denial of the motion is not appealable without the requisite Rule 54(b) certification.

If the trial court enters a new judgment and accompanies it with a proper Rule 54(b) certificate, the second appeal may be submitted on the record and briefs prepared for this appeal as supplemented by the new judgment and certificate. *See* 3 Barron and Holtzoff, Federal Practice and Procedure § 1193 at 26 (Wright Ed. 1958).

Dismissed.