**James M. FORET, Plaintiff-Appellant,**

v.

**J. Ray McDERMOTT et al., Defendants-Appellees.**

**No. 73–2524**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 6, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.

Donald Soileau, John Saunders, Mamou, La., for plaintiff-appellant.

John G. Torian, II, Lafayette, La., for McDermott & Co.

John M. Shaw, Opelousas, La., for Atlantic and Reading & Bates.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

While working on a drilling rig located on a platform in the Gulf of Mexico, Foret was injured when a railing attached to the rig broke and caused him to fall 90 feet into the Gulf. Alleging that he was a seaman, Foret sued his employer and rig owner Reading and Bates Offshore Drilling Co., the platform owner Atlantic Richfield, and the railing manufacturer J. Ray McDermott, Inc. for damages and maintenance under the Jones Act, general maritime law, and Louisiana tort law. The District Court entered an order granting summary judgment for Reading and Bates on the ground that Foret was not a seaman and therefore has no maritime claim against his employer and for Atlantic Richfield on the ground that "it had nothing to do with the operations being conducted by Reading & Bates . . . at the time of the accident." Foret appeals from this order. We dismiss the appeal for lack of jurisdiction.

"In a multiple party suit, such as this one, a summary judgment adjudicating the claims or rights and liabilities of fewer than all the parties is not a final appealable judgment within the meaning of 28 U.S.C. § 1291 unless the district court makes (1) an 'express determination that there is no just reason for delay' and (2) 'an express direction for the entry of judgment.' Fed.R.Civ.P. 54(b)." Melancon v. Ins. Co. of North America, 476 F.2d 594 (1973). Since the District Court did not make either the requisite "express determination" or the requisite "express direction" here, this court is without jurisdiction to entertain the appeal. Melancon v. Ins. Co. of North America, *supra*; Bailey v. Rowan Drilling Co., 441 F.2d 57 (CA5, 1971); United States v. Crow, Pope, and Land Enterprises, Inc., 474 F.2d 200 (CA5, 1973). *See also* 6 J. Moore, Federal Practice, ¶ 54.34 [2.–2] n. 10 (2nd Ed. 1972).

If the District Court enters a new judgment and accompanies it with a Rule 54(b) certificate, the appeal from that new judgment may be submitted on the record and briefs prepared for this appeal as supplemented by the new judgment and certificate.

Dismissed.