AUSTRACAN, (U.S.A.) INC., et al.,
Plaintiffs-Appellants,

v.

M/V LEMONCORE, etc., and Maritime
Fruit Carriers et al., Defendants.

REFRIGERATED EXPRESS LINE,
(A/ASIA) PTY. LTD., etc., et al., De-
fendants-Third-Party Plaintiffs-Appel-
lants,

v.

CENTRAL COLD STORAGE, INC., and
Harrington & Company, Inc., Third-
Party Defendants-Appellees (two cases).

BAJALAD & COMPANY, Plaintiff-
Appellant,

v.

MARITIME FRUIT CARRIERS et al.,
Defendants.

No. 73-2561.

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1974.

Harry Zuckerman, Miami, Fla., for Austracan (U.S.A.) et al.

Frank J. Marston, Miami, Fla., for Refrigerated Express Line.

A. Dan Killian, Jr., Miami, Fla., for Central Cold Storage, Inc.

John H. Schulte, Miami, Fla., for Harrington & Co., Inc.

Myers, Kaplan, Porter, Levinson & Kenin,. Miami, Fla., for Nat. Cold Storage.

Dixon, Dixon, Lane & Mitchell, Miami, Fla., for Maritime Fruit Carriers.

Reginald M. Hayden, Jr., Miami, Fla., for John Thallon & Co. et al.

Pallot, Poppell, Goodman & Shapo, Miami, Fla., for Borthwick & Sons.

Pozen, Pestcoe, Gold, Gold & Minsker, Miami, Fla., Watkins & Daniells, Atlanta, Ga., for Refrigerated Transport.

Before TUTTLE, COLEMAN and AINSWORTH, Circuit Judges.

COLEMAN, Circuit Judge.

Finality is a condition of federal appellate review, so written into the first Judiciary Act. It has been departed from only when its observance would practically defeat the right to any review at all. From the very beginning, piecemeal disposition of what, for practical purposes, is a single controversy has been forbidden. See Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1939); 28 U.S.C. §§ 1291 and 1292; F.R.Civ.P., Rule 54.

In recent years the decisions of this Court indicate a growing neglect of these principles among those who attempt to prosecute appeals from non-final district court action. We cite a few of the cases: Cook v. Eizenman, 5 Cir., 1963, 312 F.2d 134; Bailey v. Rowan Drilling Company, 5 Cir., 1971, 441 F.2d 57; International Harvester Credit Corporation v. Belding, 5 Cir., 1972, 462 F. 2d 624; Foret v. McDermott, 5 Cir., 1973, 484 F.2d 992; State National Bank of El Paso v. United States, 5 Cir., 1974, 488 F.2d 890; Anderson v. Robinson, 5 Cir., 1974, 494 F.2d 45.

Premature appeals not only subject counsel to fruitless burdens but it has the same effect upon courts, with their crowded calendars and the duty to decide the many appeals of which it does have jurisdiction. Nor does this practice assist the client, who needs, and is entitled to, a final decision as speedily as reasonably possible.

For lack of finality, and for lack of a Rule 54(b) certificate, these appeals, brought by the various appellants, must be dismissed.

This appeal involves six different cases in the United States District Court for the Southern District of Florida. The record on appeal consists of six volumes. In each of the six cases the plaintiffs are allegedly the consignees of cargo carried on board the M/V "LEMONCORE" from Australia and discharged in a non-designated port in Florida.

In each case the defendant-third party plaintiff, Refrigerated Express Line (REL), was the time charterer of the vessel. In each case Central Cold Storage (CCS), a Florida corporation, is named as one of several defendants. In

five of the six cases Harrington, a Florida corporation engaged in stevedoring, is named as one of several defendants.

In each case plaintiffs allege a contract of carriage with REL and a deviation by REL in discharging the plaintiffs' cargo at ports not designated in the bill of lading, resulting in damage to plaintiffs by the cargo becoming lost, stolen, strayed, or otherwise damaged. None of the acts complained of by any of the plaintiffs are alleged to have occurred on navigable waters.

In four of the six cases the amended complaints were filed with leave to the plaintiffs to file second amended complaints and in each of them the plaintiffs abandoned their complaints against CCS and Harrington (Vols. I, III, IV, V). In the remaining two cases, the plaintiff Borthwick (Vol. VI) filed a second amended complaint against Harrington and CCS which was dismissed with prejudice (Vol. VI, pp. 58–59). No appeal was taken by Borthwick from that dismissal.

In Bajalad a second amended complaint was filed (Vol. II), which defendants CCS and Harrington moved to dismiss for failure to state a claim upon which relief could be granted. The District Court granted this motion, dismissing Bajalad's complaint as to two but not all the parties.

In each of the six volumes involved, defendant REL filed third party complaints against Harrington and CCS. REL's appeal is based on the District Court's order of dismissal with prejudice of REL's third party complaints against Harrington and CCS (Vol. I, p. 106).

As to plaintiff-appellant Austracan, the District Court dismissed an amended complaint as to two of six defendants, with leave to file second amended complaints within ten days. The second amended complaints were never filed. Regarding this plaintiff, no final judgment was ever entered, there was no F.R.Civ.P. 54(b) certificate filed, nor was a 28 U.S.C. § 1292(b) certificate issued.

■ Although motions to dismiss have been denied under our administrative procedures, the Court of Appeals is not precluded from a further inquiry as to its jurisdiction and is not relieved of the duty to dismiss the appeal if it appears there is no jurisdiction, Cook v. Eizenman, *supra.*

■ Plaintiff-appellant Austracan's amended complaint was dismissed by the District Court and they were given ten days to file a second amended complaint (Vol. I, pp. 62–64). They never did so, but instead take their appeal from ". . . that certain final order entered herein and filed on the 24 day of April, 1973" (Vol. I, p. 110). The District Court never entered judgment, and neither the order of February 21 nor the order of April 24 contained a Rule 54(b) certificate.

Accordingly, the order appealed from is not final as to Austracan, and this Court is without jurisdiction of its appeal.

Some relevant cases are:

1. A judgment or order is final for purposes of appealability when it ends the litigation on the merits and comprehends only execution of the court's decree, Johnson v. Combs, 5 Cir., 1972, 471 F.2d 84.

2. District Court's order dismissing allegations of Florida statutory and common law fraud as to only four of the defendants on the basis that they could not be properly served with process on any claim other than that arising under the Securities Act (Code section omitted) was not final and where there had been no attempt to comply with requirements of statute or Rule 54(b) appeal would be dismissed for want of jurisdiction, Ratner v. Scientific Resources Corp., 5 Cir., 1972, 462 F.2d 616.

3. In railroad's action to recover alleged undercharges on interstate shipment of sugar cane, order striking defendant's basic defense, granting leave to both parties to

**240**

amend pleadings generally, was not a final appealable decision, United States Sugar Corp. v. Atlantic Coast Line R. Co., 5 Cir., 1952, 196 F.2d 1015.

4. Appeal dismissed for lack of jurisdiction where District Court adjudicated fewer than all the claims as to all the parties in the absence of an express determination that there was no just reason for delay. "Absent an express determination by the trial court that there is no just reason for delay, its judgment in the instant case lacks the requisite finality to be an appealable decision within the meaning of 28 U.S.C. § 1291." Appeal dismissed, Bailey v. Rowan Drilling Company, *supra*.

5. Judgment lacked requisite finality to be appealable where it adjudicated fewer than all the claims and liabilities of fewer than all the parties and where there was no entry of final judgment by the district court upon an express determination that there is no just reason for delay as required by F.R.Civ.P. 54(b), International Harvester Credit Corp. v. Belding, *supra*.

■ Likewise, invocation of admiralty jurisdiction is of no help. Neither the February 21 nor the April 20 order was a final one under 28 U.S.C., § 1291, nor was either an interlocutory admiralty decree "determining the rights and liabilities of the parties" under 28 U.S.C. § 1292(a)(3). In fact, the District Court denied the plaintiffs' motion to amend the order of April 24 to include a 28 U.S.C., § 1292(b) certificate to permit an interlocutory appeal (Vol. I, p. 107).

■ Denial of a motion to dismiss for lack of admiralty jurisdiction does not decide the parties' rights so as to be within the statute [28 U.S.C., § 1292(a)(3)] authorizing interlocutory appeals in admiralty from orders that determined rights and liabilities of parties, Jack Neilson, Inc. v. Tug Peggy, 5 Cir., 1970, 428 F.2d 54; Hadjipateras v. Pacifica, 5 Cir., 1961, 290 F.2d 697.

■ The statute authorizing appeals from interlocutory orders regarding injunctions and from interlocutory decrees in admiralty concerning rights and liabilities of parties has general application only to interlocutory injunctions in equity, not in admiralty, and gives a right of appeal in admiralty only when the interlocutory decree determines the rights and liabilities of the parties, Postal S.S. Co., Inc. v. International Freighting Corp., Inc., 5 Cir., 1943, 133 F.2d 10. Section 1292 as a whole indicates that Congress intended appeals from interlocutory orders to be strictly limited to the usual situations wherein such appeals are expressly authorized, Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989 (1935).

Plaintiff Bajalad filed suit against Maritime Fruit Carriers, REL, Harrington, and CCS (Vol. II). Maritime, Harrington, and CCS' motions to dismiss were granted, and a second amended complaint was filed as to Harrington and CCS. No second amended complaint was filed as to Maritime Fruit Carriers. This second amended complaint was dismissed on motions of Harrington and CCS. It is from this order dismissing the second amended complaint against Harrington and CCS that Bajalad appeals (Vol. II, p. 97).

■ Counsel for Bajalad devote their entire brief to the subject matter jurisdiction of the District Court and do not address the question of jurisdiction in the Court of Appeals. However, their appeal is apparently premature. There was no F.R.Civ.P. 54(b) express determination of no just reason for delay and express direction for the entry of judgment, nor was there a 28 U.S.C., § 1292(b) certificate filed. Although Maritime Fruit Carriers was dropped as a defendant, and CCS and Harrington were dismissed, REL, one of the original defendants, was still left. An order dis-

missing some but not all of the parties defendant is not a "final judgment" under the statute giving the Court of Appeals jurisdiction of appeals from all final decisions of district courts, McCormick v. Landrieu, 5 Cir., 1972, 469 F.2d 673.

In each of the six cases under consideration, REL is a defendant and filed third party complaints against Harrington and CCS. Harrington's and CCS' motions to dismiss the third party complaint for lack of subject matter jurisdiction were granted (Vol. I, p. 106), but REL's motion for this order to include a 28 U.S.C., § 1292(b) certificate was denied. It is the order dismissing the third party complaint, which also did not contain a Rule 54(b) certificate, that REL appeals.

Dismissal of a third party complaint for lack of jurisdiction is not appealable in the absence of a determination by the District Court that there was (1) no just reason for delay, and (2) in absence of express direction for entry of judgment, as provided in F.R. Civ.P. 54(b), Coulter v. Sears, Roebuck and Co., 5 Cir., 1969, 411 F.2d 1189.

Similarly, dismissal of a third party complaint in admiralty for lack of admiralty jurisdiction does not fall within the limited class of interlocutory appeals under 28 U.S.C., § 1292(a)(3), Wallin v. Keegan, 5 Cir., 1970, 426 F.2d 1313. For these reasons it appears that there has not yet been issued a final appealable order that would give this Court jurisdiction and that REL's appeal should be dismissed.

The appeals must be dismissed.

We deliberately refrain from retaining jurisdiction pending the filing of a Rule 54(b) certificate, a procedure we used in Anderson v. Robinson, *supra.* In our opinion, the only way to dispose intelligently of these cases would be after a final judgment, upon which this Court, if there should be an appeal, can act in the light of the full and final picture.

Appeals dismissed.