Joseph W. MOODY, Plaintiff-Appellant,

v.

Norman F. KAPICA et al.,
Defendants-Appellees.

No. 76–1016.

United States Court of Appeals,
Sixth Circuit.

Submitted Nov. 10, 1976.

Decided Dec. 1, 1976.

Joseph W. Moody, pro se.

John F. Lynch, Jr., Lynch & Tummino, Grand Rapids, Mich., for defendants-appellees.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

Joseph W. Moody, who is serving a life sentence for murder in the Southern Michigan State Prison, filed this action against six defendants under 42 U.S.C. § 1983.

In a memorandum opinion filed October 9, 1975, District Judge Wendell A. Miles dismissed the action as to four defendants but denied a motion to dismiss as to Guy A. Lee, Sheriff of Lake County, Michigan, and Robert Johnson, Undersheriff. The suit remains pending in the District Court against these two defendants.

Moody appeals from the order of the District Court dismissing the action as to four defendants. The appeal is considered under Sixth Circuit Rule 3(e).[1]

The appellate record contains no express direction for entry of final judgment as to the four dismissed defendants and no determination by the District Judge that there is no just reason for delay as to them, as provided by Fed.R.Civ.P. 54(b).

Therefore, there is no final appealable judgment and this court has no jurisdiction. *Oak Construction Company v. Huron Cement Company*, 475 F.2d 1220 (6th Cir. 1973); *Balsbaugh v. City of Westland*, 458 F.2d 1358 (6th Cir. 1972); *Partin v. Hassan Motors, Inc.*, 363 F.2d 104 (6th Cir. 1966); *Gabbard v. Rose*, 330 F.2d 705 (6th Cir. 1964). *See also Foret v. McDermott*, 484 F.2d 992 (5th Cir. 1973); *Bowling Machines, Inc. v. First National Bank of Boston*, 283 F.2d 39 (1st Cir. 1960).

Accordingly, the appeal is dismissed. Sixth Circuit Rule 8.

1. *(e) Docket Control.* In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 7(e), 8 or 9 or any other rule of this court.