Terrence A. CRONIN and J. Wayne Velestak, Plaintiffs-Appellants,

v.

Phillip WHITT, Ind., et al., Defendants-Appellees.

No. 78–3786
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1979.

Louis E. Granata, Matawan, N. J., Clark, Berger & Dixon, Indian Harbour Beach, Fla., for plaintiffs-appellants.

Saxon & Richardson, P. A., Edward J. Richardson, Melbourne, Fla., for Melissa Nelson & Lighthouse Lounge, Inc.

Fowler, White, Gillen, Boggs, Willareal & Banker, P. A., Donald G. Greiwe, James E. Thompson, Tampa, Fla., for all other defendants.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM.

Plaintiffs appeal from the trial court's entry of summary judgment in favor of defendants Melissa Nelson and the Lighthouse Lounge. The appeal must be dismissed, since it appears from the docket sheet that final judgment has not been entered as to defendants Phillip Whitt, Phillip Panteleo, John Hartman, and Leigh Wilson; and the trial court has not certified this appeal pursuant to Fed.R.Civ.P. 54(b). This court therefore lacks jurisdiction over the appeal. *See Melancon v. Insurance Co. of North America*, 476 F.2d 594 (5th Cir. 1973),

6 J. Moore, Federal Practice, § 54.34[2.–2] n.10 (2d ed. 1976).

DISMISSED.

■

Henry J. KIRKSEY et al., Individually, and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

BOARD OF SUPERVISORS OF HINDS COUNTY, MISSISSIPPI et al., Defendants-Appellees.

No. 79–1826.

United States Court of Appeals,
Fifth Circuit.

Dec. 21, 1979.

Frank R. Parker, Lawyers' Committee for Civil Rights Under Law, Barbara Y. Phillips, Jackson, Miss., for plaintiffs-appellants.

William F. Goodman, Jr., Velia Ann Mayer, Russel D. Moore, III, Jackson, Miss., for defendants-appellees.

Before MORGAN, REAVLEY and HATCHETT, Circuit Judges.

PER CURIAM:

The parties having appeared on December 4, 1979, and declared in open court that there was no longer any objection to the redistricting plan approved by the trial court, 468 F.Supp. 285, it is therefore ordered that the appeal be DISMISSED. The cause is remanded to the trial court for the determination of awardable attorney fees.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.