755 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JO AN MORRIS, PLAINTIFF-APPELLANT,
v.
KIMBERLY DEHAAN, ET AL., DEFENDANTS.
SAM PIERCE, JR., SECRETARY OF H.U.D., STATE OF MICHIGAN
HOUSING AUTHORITY, RICHARD HELMBRECHT, HOWARD CROSS,
TERRENCE DUVERNAY, HOUSING DIRECTORS PAST AND PRESENT, U.S.
DEPARTMENT OF H.U.D. AND DEPARTMENT OF HEALTH, EDUCATION AND
WELFARE, DEFENDANT-APPELLEES.
 NO. 84-1601
 United States Court of Appeals, Sixth Circuit.
 1/21/85
 
 ORDER
 BEFORE: MERRITT, KRUPANSKY, and WELLFORD, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration ofdefendants-appellees' motion to dismiss plaintiff's pro se appeal of a June 6, 1984 district court order dismissing the state defendants and a June 21, 1984 order dismissing the federal defendants from an action brought pursuant to 42 U.S.C Secs. 1981, 1982 and 1983. The case is still pending in district court against other named defendants. Plaintiff filed a response.
 
 
 2
 28 U.S.C. Secs. 1291 and 1292 set forth the statutory requirements for the exercise of appellate jurisdiction. Section 1292(a)(1) specifies the types of interlocutory orders involving injunctive relief which may be appealed prior to final judgment by the district court. Section 1292(b) requires certification by the district court that there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.
 
 
 3
 The dismissal of one or more but not all of the parties in a civil suit involving multiple parties is not a final disposition unless the district court directs entry of final judgment and certifies that there is no just reason for delay. Rule 54(b), Federal Rules of Civil Procedure. Without judgment entry or certification, the Court of Appeals lacks jurisdiction to consider the dismissal before final judgment is rendered in the action. Moody v. Kapica, 548 F.2d 133 (6th Cir. 1976). The district court did not provide certification under Rule 54(b), Federal Rules of Civil Procedure. This Court, therefore, lacks jurisdiction under 28 U.S.C. Sec. 1291 to hear plaintiff's appeal from the June 6 and June 20, 1984 orders.
 
 
 4
 Plaintiff's appeal concerns the issues of governmental immunity and jurisdiction. Neither district court order addressed injunctive relief. Because plaintiff failed to meet the requirements of 28 U.S.C. Sec. 1292(a)(1), this Court does not have jurisdiction to entertain her appeals from the district court orders under that section.
 
 
 5
 Finally, neither of the district court orders contain the requisite 28 U.S.C. Sec. 1292(b) certification or language which might be construed as certification. Plaintiff has not met the requirements of appeal from the district court orders under Sec. 1292(b).
 
 
 6
 Accordingly, it is ORDERED that defendants-appellees' motion to dismiss is granted and the appeal is dismissed. Plaintiff may take an appeal once final judgment in the action has been rendered by the district court.