767 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PERFECTO DISTRIBUTING CO., PLAINTIFF-APPELLANT,
v.
MARTLET IMPORTING CO., DEFENDANT-APPELLEE,
WAYNE DISTRIBUTING CO., DEFENDANT-APPELLANT.
 NOS. 85-3023, 85-3042
 United States Court of Appeals, Sixth Circuit.
 6/12/85
 
 S.D.Ohio
 DISMISSED
 ORDER
 BEFORE: KENNEDY, CONTIE, and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon defendant-appellee Martlet Importing Company's ('Martlet') motion to dismiss the following consolidated appeals from two interlocutory orders. On January 7, 1985, plaintiff-appellant Perfecto Distributing Company ('Perfecto') appealed an order of November 29, 1984 which granted Martlet summary judgment. On January 2, 1985, defendant-appellant Wayne Distributing Company ('Wayne') appealed from the same order and from an April 23, 1984 order which denied Perfecto injunctive relief. Although asked to do so, the district court did not direct entry of final judgment under Rule 54(b), Federal Rules of Civil Procedure, and neither appellant filed a response in opposition to the motion to dismiss.
 
 
 2
 Pursuant to 28 U.S.C. Sec. 1291, this Court has jurisdiction to hear appeals from final judgments. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368 (1981). The district court may direct entry of final judgment on fewer than all claims '. . . only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment.' Rule 54(b), Federal Rules of Civil Procedure. The district court did not so determine, therefore, Perfecto did not appeal from a final judgment and this Court does not have jurisdiction. Moody v. Kapica, 548 F.2d 133 (6th Cir. 1976)
 
 
 3
 Since the orders, taken together, dismissed all claims against its codefendant and two claims against itself, appellant Wayne's appeal is essentially a motion to affirm the district court's orders. Pursuant to Sixth Circuit Rule 8(a), motions to affirm are prohibited, so we do not reach the question of defendant's standing to appeal from the November 29, 1984 order which adjudicated another's rights. Warth v. Seldin, 422 U.S. 490 (1975); Allstate Insurance Company v. Wayne County, et. al. ---- F.2d ----, No. 84-1279 (6th Cir. April 25, 1985)
 
 
 4
 It is ORDERED that defendant Martlet Importing Company's motion to dismiss be and hereby is granted.