779 F.2d 53
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FANNIE MAE TREU, EXECUTRIX OF THE ESTATE OF DONALD TREU,
DECEASED, Plaintiffs- Appellee Cross-Appellant.
ELIZABETH GARDINER, ADMINISTRATRIX OF THE ESTATE OF JOHN H.
GARDINER, DECEASED, Plaintiff-Appellee, Cross-Appellant.
v.
UNITED STATES OF AMERICA, Defendant-Appellant Cross-Appellee,
GATES LEARJET, A. FOREIGN CORPORATION, ET AL., Defendants.
 84-1723, 84-1754, 84-1772
 United States Court of Appeals, Sixth Circuit.
 10/9/85
 
 APPEAL DISMISSED
 E.D.Mich.
 ORDER
 BEFORE: MERRITT, JONES, and CONTIE, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of the United States' motion to determine jurisdiction and the response filed by Treu and Gardiner.
 
 
 2
 A review of the record indicates that two trials were held in the district court regarding liability and damages of the United States to the plaintiffs. On August 31, 1984, the district court entered a memorandum opinion and order setting the amount of damages for which the United States was liable. However, the trials as to the liability and damages of Gates Learjet to the plaintiffs had not yet been held. Three appeals were taken from the August 31, 1984, order. The United States appealed on October 3, 1984 (appeal no. 84-1723); Treu on October 10, 1984 (appeal no. 84-1754); and Gardiner on October 19, 1984 (appeal no. 84-1772). Pursuant to the stipulation of the parties, the district court stayed the trials against Learjet pending the outcome of the appeals.
 
 
 3
 The August 31, 1984 order disposed of fewer than all the parties involved in the actions. The district court did not expressly determine that there is no just reason for delay and did not direct entry of a final judgment pursuant to Rule 54(b), Federal Rules of Civil Procedure. Therefore, the order appcaled is not final and appealable. Rudd Construction Equip. Co. v. Home Ins. Co., 711 F.2d 54 (6th Cir. 1983); McIntyre v. First National Bank of Cincinnati, 585 F.2d 190 (6th Cir. 1978); Moody v. Kapica, 548 F.2d 133 (6th Cir. 1976); Oak Construction Company v. Huron Cement Company, 475 F.2d 1220 (6th Cir. 1973). A belated Rule 54(b) certification will not cure this Court's lack of jurisdiction over the instant appeals. Oak Construction Co. v. Huron Cement Co., supra.
 
 
 4
 Accordingly, it is ORDERED that the appeals be and hereby are dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.