785 F.2d 311
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PEARLY WILSON Plaintiff-Appellant
v.
GEORGE F. DENTON, DIRECTOR, DEPT. REHAB & CORRECTIONS; TED
ENGLE, SUPERINTENDENT, CHILLICOTHE CORRECTIONAL INSTITUTE;
ANTHONY BRIGANO, GRIEVANCE OFFICER; CHILLICOTHE CORRECTIONAL
INSTITUTE; MR. TRIPLETT, FOOD MANAGER; CHILLICOTHE
CORRECTIONAL INSTITUTE, Defendants-Appellees.
 85-3678
 United States Court of Appeals, Sixth Circuit.
 1/17/86
 
 ORDER
 BEFORE: JONES, WELLFORD and NELSON, Circuit Judges.
 
 
 1
 This matter is before the Court upon the appellant's motion for appointment of counsel and motion to proceed in forma pauperis. Pearly Wilson is appealing the summary judgment dismissing all but two defendants in his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The motion to proceed in forma pauperis is of no consequence. The district court had already granted in forma pauperis status. Hensley v. Schweiker, 560 F.2d Supp. 67 (Ed. Tenn. 1982)aff'd, 708 F.2d 724 (6th Cir. 1983).
 
 
 2
 At the time appellant's grievance arose, he was incarcerated in Chillicothe Correctional Institute, Chillicothe, Ohio, a state correctional facility. Sometime after filing the complaint, the appellant was transferred to Hocking Correctional Facility. The complaint alleges that the defendants had deliberately mixed pork products with non-pork products and served the food to Jewish and Muslim inmates. Wilson contends the defendants represented that the food was non-pork food. Wilson has sued the director of the department of rehabilitation, the prison superintendent, a prison grievance officer, and the prison food managers. The appellant requested a temporary restraining order, injunctive relief, compensatory damages, and punitive damages. The district court dismissed the appellant's claim for injunctive relief as moot. Further, the prison superintendent, director of the department of rehabilitation and grievance officer were dismissed from the action because Wilson had not made sufficient allegations of their involvement in the action.
 
 
 3
 Prior to considering the appellant's motion for counsel the issue of whether this appeal is taken from an appealable order must be addressed. The action is not appealable pursuant to 28 U.S.C. Sec. 1292(a)(1) as a denial of injunctive relief. Unless a litigant can show that an interlocutory order of the district court might have serious, perhaps irreparable consequences and that the order can be effectively challenged only by an immediate appeal, interlocutory appeal under Sec. 1292(a)(1) is precluded. Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981); Gillis v. U.S. Dept. of H. & H. Services, 759 F.2d 565 (6th Cir. 1985). The appellant has not alleged irreparable consequences. Further, the appellant has been transferred to another prison, and the defendants in this action no longer have control over his food. Thus, failure to address the denial of injunctive relief at this time would not result in irreparable consequences. Jurisdiction does not exist under 28 U.S.C. Sec. 1292(a)(1).
 
 
 4
 Further, the order appealed from cannot be construed as a final order under 28 U.S.C. Sec. 1291. At the time the notice of appeal was filed, the claims against the prison food managers were still pending. The order does not contain a 28 U.S.C. Sec. 1292(b) certificate, nor does it expressly state that final judgment is entered pursuant to 54(b), Federal Rules of Civil Procedure. Consequently, the appeal is taken from a non-appealable order. Moody v. Kapica, 548 F.2d 133 (6th Cir. 1976); Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir. 1973).
 
 
 5
 Accordingly, it is ORDERED that the motion for counsel be denied and this appeal is hereby dismissed as it is taken from a non-appealable order.