786 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES S. BURNETTE, Plaintiff-Appellant
v.
WILLIAM J. BROWN, A/K/A BILL BROWN, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS ASSISTANT DISTRICT ATTORNEY GENERAL FOR
THE 10TH JUDICIAL DISTRICT OF TENNESSEE; JERRY N. ESTES,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DISTRICT
ATTORNEY GENERAL FOR THE 10TH JUDICIAL DISTRICT OF
TENNESSEE, Defendants-Appellees.
 85-5741
 United States Court of Appeals, Sixth Circuit.
 2/7/86
 
 S.D.Tenn.
 APPEAL DISMISSED
 ORDER
 BEFORE: KEITH, MARTIN and KRUPANSKY, Circuit Judges.
 
 
 1
 This case is before the Court sua sponte for consideration of a jurisdictional defect. Rule 9(a), Rules of the 6th Circuit. Burnette appeals pro se from the district court's order granting absolute immunity to two of the defendants in this civil rights case. The defendants argue that Burnette failed to file objections to the magistrate's report, so he waived his right to appeal. Thomas v. Arn, ---- U.S. ----, 106 S.Ct. 466 (1985). However, Thomas requires that the party who must file objections receive notice of the requirement before dismissal is an appropriate sanction. In the present case, the magistrate's report did not include a notice that objections must be filed. Therefore, this appeal will not be dismissed on the basis of failure to file objections to the magistrate's report.
 
 
 2
 There is, however, another reason why this case is jurisdictionally defective. The district court's order did not dispose of all of the claims of all of the parties in the lawsuit. Therefore, the order was not a final order under Rule 54(b), Federal Rules of Civil Procedure. Moody v. Kapica, 548 F.2d 133 (6th Cir. 1976). Nor did the district court make the certification required under Rule 54(b) that would make the order appealable.
 
 
 3
 In the recent Supreme Court case of Mitchell v. Forsyth, ---- U.S. ----, 105 S.Ct. 2806 (1985), the Court held that the denial of a motion to dismiss based on absolute immunity is a final, appealable order. However, in the present case, the district court granted the motion for absolute immunity. The rationale in Mitchell, that a party entitled to absolute immunity should be free from the burden of going to trial, does not apply in this case. Rather, the policy against piecemeal appeals is the doctrine that applies. So Burnette's appeal is from a nonappealable order, and this Court lacks jurisdiction.
 
 
 4
 This appeal is dismissed sua sponte for lack of jurisdiction. Rule 9(a)(1), Rules of the Sixth Circuit.