786 F.2d 1165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN PENNINGTON; NORMA PENNINGTON, Plaintiffs-Appellants,
v.
ROBERT BUCHAN, AGENT OF THE FEDERAL BUREAU OF INVESTIGATION;
JOHN DOE, I-IV, AGENTS OF F.B.I.; JANE DOE, AGENT OF F.B.I.;
ADDITIONAL UNIDENTIFIED AGENTS, F.B.I.; MICHAEL A. CAMPI;
GEORGE W. CONNELL, III; LOUIS PAUL RUSSO; JEFFREY B. LANG;
VALERIE L. VELLA, Defendants-Appellees.
 85-3759
 United States Court of Appeals, Sixth Circuit.
 2/14/86
 
 S.D.Ohio
 APPEAL DISMISSED
 ORDER
 BEFORE: MARTIN, KRUPANSKY and GUY, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of the appellees' motion to dismiss for lack of jurisdiction. The appellants have failed to file a response.
 
 
 2
 The record shows that the plaintiffs-appellants brought this action for damages in the district court against six special agents of the Federal Bureau of Investigation for alleged constitutional and statutory violations which occurred during a stop and search of appellants' automobile. On August 16, 1985, the district court granted summary judgment in favor of all defendants. One of the defendants, Jeffrey Lang, filed a counterclaim which was not disposed of by the district court prior to this appeal.
 
 
 3
 The order of the district court granting summary judgment in favor of defendants-appellees disposed of fewer than all of the claims involved in this action. The disrict court did not expressly direct that judgment be entered on that order, nor did it expressly determine that there was no just reason for delay pursuant to Rule 54(b), Federal Rules of Civil Procedure. Therefore, there is no final, appealable order, which is required to give this Court jurisdiction under 28 U.S.C. Sec. 1291; and without the district court's certification there is no jurisdiction for this Court to hear an interlocutory appeal under 28 U.S.C. Sec. 1292. Rudd Construction Equip. Co. v. Home Ins. Co., 711 F.2d 54 (6th Cir. 1983); McIntyre v. First National Bank of Cincinnati, 585 F.2d 190 (6th Cir. 1978); Moody v. Kapica, 548 F.2d 133 (6th Cir. 1976); Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir. 1973).
 
 
 4
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed.