836 F.2d 549
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kirby COLLETT, Plaintiff-Appellant,
v.
ARMCO, INC. and Wallace Spence, Defendants-Appellees.
 No. 87-5933.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1987.
 
 1
 Before BOYCE F. MARTIN, Jr. and RALPH B. GUY, Jr., Circuit Judges, and EDWARD H. JOHNSTONE, Chief District Judge.*
 
 
 2
 This matter is before the court upon consideration of the appellees' motion to dismiss the appeal for lack of jurisdiction. The appellant's response seeks a writ of mandamus and an injunction staying the district court trial.
 
 
 3
 In February of 1985, appellant initiated a diversity action seeking damages for injuries allegedly sustained as a result of the appellees' negligence. By order entered August 4, 1987, the district court allowed appellant's attorney to withdraw, denied appellant's request to continue the action until after he serves a ten year sentence and is released from federal custody, directed that an attorney enter an appearance and file the required pretrial filings, denied a request for continuance of the September 8 trial date, and stated that failure to appear for trial would result in dismissal of the action for failure to prosecute. A notice of appeal was filed from the August 4 order.
 
 
 4
 It is well recognized that in the absence of a final order this court generally lacks jurisdiction to consider an appeal. McIntyre v. First Nat'l Bank, 585 F.2d 190 (6th Cir.1978) (per curiam); Moody v. Kapria, 548 F.2d 133 (6th Cir.1976) (per curiam). The order was not certified by the district court for interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b), nor does the order fall within the collateral order doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). Firestone Tire & Rubber Co. v. Resjord, 449 U.S. 368 (1981).
 
 
 5
 Appellant, in his response seeks to have the appeal treated as a petition for writ of mandamus and also seeks an injunction. Although this court may treat an appeal from an interlocutory order as a petition for writ of mandamus, mandamus is reserved for extraordinary circumstances to confine a lower court to its lawful jurisdiction or to compel it to perform its duty. Hammons v. Teamsters, Chauffeurs, Warehousemen & Helpers, Local No. 20, 754 F.2d 177 (6th Cir.1985). No extraordinary circumstances have been shown nor have the criteria for granting an injunction been met.
 
 
 6
 It is ORDERED that appellant's request for an injunction and a writ of mandamus be denied, the appellees' motion to dismiss be granted and the appeal dismissed for lack of jurisdiction. Rule 8, Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, Chief U.S. District Judge for the Western District of Kentucky, sitting by designation