103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. JARRETT, Jr., Plaintiff-Appellant,
v.
TOXIC ACTION WASH, also known as Ohio Citizen Action,
Defendant-Appellee,
Klean-A-Kar Car Wash, Defendant.
 No. 95-3702.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1996.
 
 1
 Before: KENNEDY, BOGGS, and WOOD,* Circuit Judges.
 
 ORDER
 
 2
 Robert L. Jarrett, Jr., appeals a district court's order dismissing his civil rights complaint filed under 42 U.S.C. § 1981. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Jarrett brought this action under § 1981 alleging that defendants Ohio Citizen Action (OCA) and Klean-A-Kar Car Wash (Klean-A-Kar) discriminated against him in terms of employment based on his race and religion. Jarrett sought an award of frontpay and backpay, compensatory and punitive damages, and injunctive relief against both defendants.
 
 
 4
 OCA filed a motion to dismiss arguing that Jarrett failed to state a claim upon which relief could be granted. The district court granted OCA's motion in an order filed April 27, 1995. The order also specifically stated that the action was continuing against Klean-A-Kar. Reconsideration was denied in an order filed May 25, 1995. On June 19, 1995, Jarrett appealed from the order dismissing the case as to OCA.
 
 
 5
 Initially, we note that the order granting Jarrett's motion to proceed on appeal in forma pauperis contained an express determination that there is no just cause for delay and expressly directed entry of a final judgment for OCA pursuant to Fed.R.Civ.P. 54(b). When an order is entered dismissing less than all the claims but expressly directing that judgment be entered for a party, the order may be immediately appealed. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 434-35 (1956). Therefore, the order dismissing OCA is a final order pursuant to 28 U.S.C. § 1291 from which an appeal can be taken to this court. Moody v. Kapica, 548 F.2d 133, 133 (6th Cir.1976) (per curiam).
 
 
 6
 Upon review, we conclude that the district court properly dismissed the complaint against OCA because Jarrett undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996). Under § 1981, both private and public racial discrimination is redressible as it relates to contract negotiation and formation. See Runyon v. McCrary, 427 U.S. 160, 168 (1976). This includes intentional discrimination based solely on "ancestry or ethnic characteristics." Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987). Without alleging facts that demonstrate intentional discrimination on the part of the defendant, a plaintiff fails to state a claim under § 1981. Jarrett did not allege any facts which would tend to show that OCA discriminated against him on the basis of his race. Because he did not do so, the complaint was properly dismissed.
 
 
 7
 Finally, in his brief on appeal Jarrett argues that the district court erred when it granted OCA an extension of time to file its answer. The district court has broad discretion to enlarge the time for any action. See Fed.R.Civ.P. 6(b). The decision of the district court to grant the extension of time was not an abuse of discretion under Fed.R.Civ.P. 6(b)(1).
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation