John T. DUNLOP, Secretary of Labor, U. S. Department of Labor, Plaintiff-Appellant,

v.

LEDET'S FOODLINER OF LAROSE, INC., and Sterling Ledet, Defendants-Appellees.

No. 74–2076.

United States Court of Appeals, Fifth Circuit.

March 24, 1975.

William J. Kilberg, Sol. of Labor, Carin Ann Clauss, Associate Sol., Jacob I. Karro, Marcia A. Lurensky and Darryl J. Anderson, Dept. of Labor, Washington, D. C., for plaintiff-appellant.

Sterling Ledet, pro se.

Before GOLDBERG and RONEY, Circuit Judges, and LYNNE, District Judge.

PER CURIAM.

The instant appeal is taken from a judgment entered in a civil contempt proceeding for violation of an injunction issued under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. Therein it was adjudicated that appellee was in civil contempt, that he should make restitution in the amount of $6,570.91, representing wages unlawfully withheld since the service of such injunction, and that he should pay court costs in the sum of $269.08.

In his petition in the court below, appellant joined his claim for compensation "for the deprivation of the relief granted to him by the" injunction with a claim for reimbursement "for the costs and expense of instituting and maintaining [the contempt] proceeding." Thus, two different claims were presented by the petition. See 10 Wright and Miller, Federal Practices and Procedure § 2657 (1973). Appellant assigns as error the denial of his claim for additional costs and expenses. The judgment is silent as to this claim. We dismiss the appeal for lack of a final order.[1]

---

1. There is no attack by either party upon the determination by the court below that appellee had violated the injunction. Nor has either party appealed the amounts adjudged to be owing for unpaid compensation and costs.

■ Finality is a condition of federal appellate review. It is departed from cautiously; otherwise we would invite piecemeal review. *See* Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945); 28 U.S.C. §§ 1291, 1292; F.R.Civ.P. 54.

■ A judgment or order is final for purposes of appealability when it ends the litigation on the merits and comprehends only execution of the court's decree. Johnson v. Combs, 471 F.2d 84 (5th Cir. 1972), cert. den., 413 U.S. 922, 93 S.Ct. 3063, 37 L.Ed.2d 1044, reh. den., 414 U.S. 882, 94 S.Ct. 37, 38 L.Ed.2d 129 (1973). Since by its judgment the court below did not adjudicate the Secretary's claim to recover his enforcement expenses, such judgment lacks the requisite finality to be appealable within the meaning of 28 U.S.C. § 1291. Austracan (U.S.A.) Inc. v. M/V Lemoncore, 500 F.2d 237 (5th Cir. 1974).

■■ The Secretary has argued that it is clear from the record as a whole that the trial court *intended* that its order dispose of both claims. This argument, of course, lacks merit since this Court will not search a record to clarify an unambiguous judgment. Moreover, we note that the Secretary failed to request the court below to amend its order by motion made under F.R.Civ.P. 59(e), to reflect by its terms a judgment on both claims. Finally, our own examination of the record reveals that, insofar as the record before us shows, the trial court has not yet expressed itself upon the question of the additional expenses claimed by the Secretary.

■■ Thus, appellant's claim for expenses remains viable. He may move the court below for the entry of judgment, pursuant to F.R.Civ.P. 58, upon his claim therefor. An appealable order will then be generated.[2] State National Bank of El Paso v. United States, 488 F.2d 890 (5th Cir. 1974).

■ Until such time as we are presented with a record properly raising the issue of the collectibility of expenses such as those claimed here, we are not prepared to pass upon the question. Nor are we in a position, at this point, to declare that such expenses must be allowed in every contempt proceeding instituted by the Secretary. *Cf.* Tobin v. LaDuke, 190 F.2d 677 (9th Cir. 1951); McComb v. Norris, 177 F.2d 357 (4th Cir. 1949).

Dismissed.

2. Because of the disposition we make of this appeal, the Secretary's costs and expenses connected herewith are, in any event, not collectible against appellee.