577 F.2d 303
 BOH BROS. CONSTRUCTION CO., INC., Plaintiff-Appellant,
v.
M/V TAG-ALONG, its engines, tackle, apparel, etc., et al.,
Defendants-Appellees.
 No. 77-2116
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 July 28, 1978.
 
 H. Lee Lewis, Jr., Houston, Tex., for plaintiff-appellant.
 Robert C. Davee, Houston, Tex., for Dixie Carriers.
 Ned W. Johnson, Beaumont, Tex., for Continental Oil Co.
 Appeal from the United States District Court for the Eastern District of Texas.
 Before BROWN, Chief Judge, RONEY and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Boh Bros. Construction Co. appealed from a damages award in its favor, claiming that the amount was inadequate to cover the costs of repairing its bridge after an encounter with the defendants' barges. Defendants responded by contending that, if anything, the District Court Judge had been overgenerous. Our attempt to review the judgment was hampered by the lack of explanation as to the basis for the amount awarded. We therefore remanded for supplemental findings that would provide this information. Boh Bros. Construction Co., Inc. v. M/V Tag-Along, 5 Cir., 1978, 569 F.2d 217. The District Court has reviewed the evidence, prepared detailed supplemental findings of fact and conclusions of law, and amended the amount awarded by approximately $2,000, and the parties have submitted additional briefs. We have reconsidered the parties' contentions which largely repeat their original briefs to this Court and affirm the District Court's award.
 
 
 2
 The plaintiff's major contention is that the District Court Judge erred in rejecting its assessment of the cost of repairs, as distinguished from ongoing construction costs. Boh Bros. based its calculations of the repair costs on summarized records kept by its timekeeper, who in turn based his figures on biweekly reports telephoned in from the foreman on the job site. The foreman's reports were based on Daily Time Sheets, which were admitted into evidence. These time sheets contained Boh Bros.'s most thorough attempt to distinguish the expenditures of repair work (entered on a "force account") from the costs of routine construction work. The District Court Judge compared these time sheets against the timekeeper's summaries, found many discrepancies, and concluded that the foreman's Daily Time Sheets were the more accurate reflection of plaintiff's actual repair costs. We are unable to say that this conclusion is clearly erroneous. Indeed, through the District Court's meticulous comparison, the plaintiff's own records provided ample support for the lower dollar amount as the proper measure of actual repair costs.
 
 
 3
 Our major concern in the earlier examination of this case was that the award did not allow Boh Bros. reasonable profits for the use of its own equipment and personnel in making the repairs. On the remand, the District Court reviewed the evidence to determine whether the "reasonable rental value" awarded included profits. The findings of fact clearly show that the Judge calculated an element of profit on plaintiff's labor costs and on materials that had not already been assessed at a value that accounted for profits. The Judge disallowed profits or overhead for those materials that had been purchased from another business, that already included a profit component, or that had involved no additional expense for Boh Bros.
 
 
 4
 We hold that the resulting award compensates the plaintiff in the amount to which it is entitled. See Freeport Sulphur Co. v. S/S Hermosa, 5 Cir., 1976, 526 F.2d 300.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I