GEE, Circuit Judge:
John F. Ryan, appellant in this diversity action, seeks recovery against Occidental Petroleum for actual and exemplary damages resulting from incidents surrounding Occidental’s hiring, employment and discharge of Ryan from a position in an Occidental subsidiary in Venezuela. The district court granted Occidental’s motion to dismiss several paragraphs (IV-VIII) of Ryan’s complaint for failure to state a cause of action under F.R.Civ.P. 12(b)(6). It also granted Occidental’s motion to strike the greater portion of the same páragraphs (along with one other, paragraph X) on the ground that they contained immaterial and scandalous matter in violation of F.R.Civ.P. 12(f).
Ryan contested these rulings, and in order to secure an immediate appeal, he requested that the district court certify under F.R.Civ.P. 54(b) that there was no just reason for delay and enter a final judgment on the stricken paragraphs of his complaint. The district court granted the requested order but apparently had second thoughts: on the defendant’s motion the district court vacated the same certification order and substituted an order granting Ryan’s motion for a voluntary dismissal of the single substantive allegation that remained in his complaint (paragraph IX). This substitution apparently occurred after the court had heard the parties’ arguments on the Rule 54(b) certification request. The voluntary dismissal order did not purport to dismiss the jurisdictional allegations of Ryan’s complaint, and it specifically noted that the dismissal was without prejudice to Ryan’s right to file again in the same or any other court. Thus, the much-truncated complaint, consisting only of the initial jurisdictional allegations, is technically still before the district court.
Hereafter Ryan filed a notice of appeal with respect to the district court’s two original orders dismissing and striking paragraphs IV through VIII and X under Rules 12(b)(6) and 12(f). We dismiss the appeal for want of jurisdiction.
Courts of appeal are courts of limited jurisdiction. 28 U.S.C. § 1291 authorizes this court to hear appeals from “final decisions of the district courts.” Although the finality principle is to be given a “practical rather than a technical construction,” Gillespie v. United States Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), this principle serves important considerations in our judicial sys- *301 tern. As the Supreme Court said in Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 171-72, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974):
Restricting appellate review to “final decisions” prevents the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy. . . . The inquiry requires some evaluation of the competing considerations underlying all questions of finality — “the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.” Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511, 70 S.Ct. 322, 94 L.Ed. 299 (1950).
Thus, courts of appeal may depart from the ordinary requirement of finality only cautiously. Dunlop v. Ledet’s Foodliner, 509 F.2d 1387 (5th Cir. 1975). In multi-party or multiple-claim suits, Rule 54(b) prescribes conditions by which the district court may render final and thus appealable a judgment as to “one or more but fewer than all of the claims or parties”: the district court must expressly determine that there is no just reason for delay and must expressly direct the entry of judgment on the claim or claims decided.
In the absence of a Rule 54(b) certification and entry of judgment, we may not entertain appeals from partial dispositions or orders unless they fall within certain limited exceptions to the usual finality rule. These exceptions, as set out in our recent opinion in Huckeby v. Frozen Food Express, 555 F.2d 542 (5th Cir. 1977), authorize appeals without Rule 54(b) certification only where (1) the order is made appealable by statute or is certified under 28 U.S.C. § 1292(b); (2) the rulings of the Supreme Court or of this court[1] permit appeal of “an order, otherwise nonappealable, determining substantial rights of the parties which will be irreparably lost if review is delayed until final judgment,” Huckeby, 555 F.2d at 549, quoting (emphasis added) United States v. Wood, 295 F.2d at 778; or (3) the rule of Jeteo Electronics Industries, Inc. v. Gardiner, 473 F.2d 1228, 1231 (5th Cir. 1973), authorizes an appeal from a series of orders which, considered together, terminate the litigation “just as effectively as would have been the case had the district judge gone through the motions of entering a single order formally reciting the substance of the earlier ... orders.” See also Freeman v. Califano, 574 F.2d 264 (5th Cir. 1978).
In the present case there was, strictly speaking, no final judgment since the torso of the plaintiff’s complaint — including the identification of the parties and the jurisdictional allegations — remains before the district court. Nor was there any Rule 54(b) entry of judgment and certification as to any claims or rights adjudicated. The only exception to the finality rule that might arguably apply is the Jeteo principle. We regard the present case as substantially distinguishable from Jeteo. In that multiparty case two successive orders — although technically interlocutory — entirely disposed of the plaintiff’s causes of action against three separate defendants. The Jeteo plaintiff appealed only from the rulings in his action against one defendant, all of which rulings were adverse. Here too, of course, Ryan appeals only from adverse rulings. But unlike the Jeteo plaintiff, Ryan did not face adverse rulings on his entire case against the appellee. This is because, as will be explained below, his voluntary dismissal of a portion of his complaint is not an adverse ruling.
Of crucial importance in Jeteo is the fact that successive orders in that case, taken together, effectively terminated the entire litigation. That is not the case here. The district court’s action in ordering voluntary dismissal of Ryan’s last substantive allegation, supposing that this order is au *302 thorized under F.R.Civ.P. 41(a),[2] cannot be regarded as terminating the litigation between these parties. A voluntary dismissal is without prejudice to the moving party, and the district court’s order here expressly noted that the voluntary dismissal of paragraph IX of Ryan’s complaint was “without prejudice to file same again in this or any other Court, subject to the provisions of Rule 41(d)” concerning the effect of successive voluntary dismissals. But a voluntary dismissal is not appealable by the plaintiff in the absence of some condition adverse to him. LeCompte v. Mr. Chip, Inc., 528 F.2d 601 (5th Cir. 1976); Alvarado v. Maritime Overseas Corp., 528 F.2d 605 (5th Cir. 1976); see also Pipeliners Local Union No. 798 v. Ellers, 503 F.2d 1193, 1199-1200 (10th Cir. 1974); 5 Moore’s Federal Practice 141.05[3]. This is because in a voluntary dismissal a plaintiff gets what he seeks, i. e., a dismissal without an adjudication on the merits, and he is entitled to bring a later suit on the same cause of action. LeCompte, supra at 603. Thus, although the plaintiff here attempts to appeal only the adverse rulings dismissing and striking all of or. parts of paragraphs IV through VIII and X of his complaint, he cannot convert these rulings into a final judgment under the Jeteo exception. This is because these partial rulings on his complaint, considered together with the purported voluntary dismissal of paragraph IX, do not amount to a termination of, the litigation between the parties. Indeed, the language of the district court’s order, along with its retention of the jurisdictional allegations of the complaint, appeared to contemplate that Ryan would pursue this same action in the same court.
Such a series of rulings cannot satisfy the finality requirement of 28 U.S.C. § 1291. It may well be that the district court wished to permit appeal of its dismissal of paragraphs IV through VIII and X of the complaint while retaining jurisdiction to hear the remaining allegations of paragraph IX. If so, it should have entered final judgment as to those claims and certified that there was no just reason for delay, as is clearly provided in Rule 54(b). Of course, the district court cannot certify as “final” the adjudication of any claim that is not in fact final, and this court will not be bound by the district court’s certification where there is in fact no final adjudication of any single claim in a multiple claim suit. See, e. g., International Controls Corp. v. Vesco, 535 F.2d 742 (2d Cir. 1976); Schex-naydre v. Travelers Insurance Co., 527 F.2d 855 (5th Cir. 1976); see also United States v. Crow, Pope & Land Enterprises, Inc., 474 F.2d 200 (5th Cir. 1973). Moreover, in view of the policy against piecemeal appeals, Rule 54(b) certification orders
should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only “in the infrequent harsh case” as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule.
Kirtland v. J. Ray McDermott & Co., 568 F.2d 1166, 1171 (5th Cir. 1978), quoting Panichella v. Pennsylvania Railroad Co., 252 F.2d 452, 455 (3d Cir. 1958), cert. denied, 361 U.S. 932, 80 S.Ct. 370, 4 L.Ed.2d 353. But where the claim is complete in itself and where the adjudication of that claim is also complete, Rule 54(b) certification is the appropriate channel for assuring appealability-
We are at a loss to explain the district court’s certification, followed by retraction and permission of a voluntary dismissal. If the district court did not think certification appropriate, it could not prop *303 erly arrive at the same result through the device of allowing a voluntary dismissal. We see this device as somewhat analogous to the district court’s attempt to dismiss a main claim after displacing a counterclaim to another pending lawsuit in Belmont Place Associates v. Blythe, Eastman, Dillon & Co., 565 F.2d 1322 (5th Cir. 1978), or the attempted agreement of the parties and the court for the purpose of rendering an order appealable in Crow, supra. In neither of those cases did we permit the requirements of Rule 54(b) to be circumvented, and we will not do so here. Rule 54(b) envisions that adjudication as to some but not all claims in a multiple-claim suit are to be final and appealable only upon an exercise of the district court’s discretion; the requirement that the district court make an explicit entry of judgment and certification serves the purpose of informing this court that the district court intends to exercise that discretion. See C. Wright & A. Miller, Federal Practice & Procedure: Civil 12654 (1973); see also Vesco, supra, 535 F.2d at 747-49; Ledet’s Foodliner, supra. Since the district court has not clearly done so in this case and since its series of rulings, taken together, neither amounts to an ap-pealable final decision nor meets the requirements of any exception to the finality rule, we must dismiss this case for want of jurisdiction.
APPEAL DISMISSED.

. Cohen v. Beneficial Industrial Loan Corp., supra; Forgay v. Conrad, 47 U.S. (6 Howard) 201, 12 L.Ed. 404 (1848); United States v. Wood, 295 F.2d 772 (5th Cir.), cert. denied, 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9 (1961).

. Rule 41(a) speaks of dismissal of an action, and the plaintiffs elimination of a fragment of an action — as was the case here — is more appropriately considered to be an amendment to the complaint under Rule 15. See Moore’s Federal Practice, fl 41.06-1 (2d ed. 1977). While this may appear to be a somewhat technical distinction, it bears on the chief problem with this appeal — the lack of finality of the district court’s decision — since an order granting leave to amend ordinarily permits judicial proceedings to continue and thus lacks finality. See United States v. Allegheny-Ludlum Industries, Inc., 546 F.2d 1249 (5th Cir. 1977).