**BLACK ASSOCIATION OF NEW ORLEANS FIRE FIGHTERS (BANOFF), et al., Plaintiffs–Appellants,**

v.

**The CITY OF NEW ORLEANS, LOUISIANA, A Municipal Corp., et al., Defendants–Appellees.**

No. 89–3426.

United States Court of Appeals, Fifth Circuit.

Sept. 14, 1990.

---

Judith Reed, New York City, Marc H. Morial, New Orleans, La., for plaintiffs-appellants.

George A. Blair, III, Asst. County Atty., Okla Jones, II, County Atty., New Orleans, La., for City of N.O.

Ralph D. Dwyer, Jr., New Orleans, La., for N.O. City Civ. Service Comm., et al.

Louis L. Robein, Jr., Gardner, Robein & Healey, Metairie, La., for N.O. Firefighters Assoc. Local 932.

Before REAVLEY, DUHÉ and WIENER, Circuit Judges.

DUHÉ, Circuit Judge.

This case presents two issues: First whether the judgment entered pursuant to Fed.R.Civ.P. 54(b) on a class action issue rendered an earlier discovery order awarding attorney's fees under Fed.R.Civ.P. 37(a)(4) a final appealable order. Second, if appeal of the attorney's fee award is timely, whether the district court abused its discretion in calculating the amount awarded. We conclude that the appeal of the award of attorney's fees is timely. The district court did not, however, indicate how it arrived at the sum given. Accordingly, we remand to the district court to give reasons for the amount of the sanction.

## Facts

Four black fire fighters filed an action against the City of New Orleans and the New Orleans City Civil Service Commission (the Commission), amongst others, alleging that the defendants discriminated against them in promotions, assignments, administration, and lay-offs, in violation of Title VII, 42 U.S.C. § 2000e et seq., 42 U.S.C. §§ 1981 and 1983, and the Thirteenth and Fourteenth Amendments to the United States Constitution. The district court accepted the magistrate's recommendation that (1) on the promotional issue it certify the class of all blacks who took a 1985 promotional examination, but that (2) on the remaining issues it deny class certification. These matters were then tried without a jury on November 7, 1988. On December 16, 1988 the court issued Findings of Fact and Conclusions of Law on the promotional issue. Finding no just reason for delay, the district court entered judgment in favor of the defendants/appellees on that issue pursuant to Fed.R.Civ.P. 54(b). On April 13, 1989 the court issued Findings of Fact and Conclusions of Law on the discipline and lay-off issues and

entered judgment in favor of the defendants.

The fire fighters then filed a Fed.R. Civ.P. 59(e) motion to amend the judgment, which the court denied. This appeal stems from an award of attorney's fees appellants received earlier when their motion to compel the production of documents succeeded.

During the discovery process the appellants requested production of certain documents. The Commission objected. Appellants moved to compel production. The first scheduled hearing on that motion did not occur because the Commission failed to respond. At a subsequent hearing the Commission was directed to produce the requested documents pursuant to a protective order and the magistrate awarded $400.00 in attorney's fees to the appellants as sanctions. The record does not indicate the basis for the amount awarded. The appellants then moved for an order determining the amount of expenses to be awarded. Acting upon this motion, the magistrate, on June 10, 1988 ordered the Commission to pay a total of $661.50 in attorney's fees in connection with the first hearing that did not go forward. All other claimed fees and expenses were denied. The district court approved and adopted the magistrate's report and recommendation.

### Appellate Jurisdiction

■ The Commission argues that the discovery dispute resulting in the award related only to the class action promotional issue. The district court ordered final judgment on that issue on December 16, 1988 in accordance with Fed.R.Civ.P. 54(b).[1] The issue then is whether the December judgment on the promotional issue included the order of attorney's fees relating to the production of documents hearing missed earlier by the Commission. If the order was included in the December judgment, it would then have been appealable at that time, raising an issue of timeliness in this appeal. Appellants argue that since the December Rule 54(b) certification did not specifically include the discovery order, that order did not then become final. They further argue that the attorney's fees issue was not appealable until entry of the order on May 23, 1989 denying the Rule 59(e) motion to alter or amend the judgment.

This Court in *Dunlop v. Ledet's Foodliner of Larose, Inc.,* 509 F.2d 1387 (5th Cir. 1975) dismissed for lack of a final order an appeal on the denial of a claim for additional expenses incurred in instituting a contempt proceeding because the judgment was silent on that claim. Finality, the *Dunlop* court pointed out, is a condition of federal appellate review which is departed from cautiously so as not to invite piecemeal review. *Dunlop,* 509 F.2d at 1389, *citing Catlin v. United States,* 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945).

The Seventh Circuit has held that because Rule 54(b) allows appeal only from an order disposing of a separate substantive claim for relief, an order awarding attorney's fees and expenses incurred as a sanction for failing to comply with discovery, was not certifiable under Rule 54(b) because it did not dispose of a separate substantive claim. *Magnavox Company v. Marshall,* 742 F.2d 369, 371 (7th Cir.1984). *See also Seigal v. Merrick,* 619 F.2d 160, 164 n. 7 (2nd Cir.1980).

We do not here need to decide whether under Rule 54(b) the order awarding sanctions would have been appealable. The lower court did not expressly certify the order on attorney's fees. Absent a certification under Rule 54(b) any order in a multiple-claim action is interlocutory. Wright & Miller, *Federal Practice & Procedure: Civil* § 2654, P. 38 (1983).

---

1. Fed.R.Civ.P. 54(b) provides in pertinent part: When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an *express* determination that there is no just reason for delay, and upon an *express* direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims ... shall not terminate the action as to any of the claims ... (Emphasis added).

This Court in *Sidag Aktiengesellschaft v. Smoked Foods Products Company Co., Inc.*, 813 F.2d 81, 84 (5th Cir.1987) found a magistrate's Rule 54(b) certification purporting to certify for appeal a ruling of liability for attorney's fees ineffective because the amount of the recoverable fees remained undetermined. The *Sidag* ruling demonstrates the strict compliance necessary for proper Rule 54(b) certification.

Such requirements would be defeated if we were to find that the issue concerning attorney's fees was certified when the district court entered final judgment on the class action promotional issue. Though the claims are intimately related to one another, the record indicates that only the class action promotional issue was certified in accordance with Fed.R.Civ.P. 54(b) on December 16, 1988.

Discretion Relating to Attorney's Fees and Expenses under Rule 37(a)(4)

 This Court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974) required the district court to give reasons in its judgment awarding attorney's fees in a Title VII class action so that review of the award would be possible. In *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511 (5th Cir.1985) we remanded to the district court to articulate reasons for its assessment of attorney's fees sanctioned under Rule 37(b)(2)(E) for failure to comply with a discovery order. While the determination of reasonable attorney's fees is left to the sound discretion of the lower court, the court must articulate reasons for its award so we may have a basis to review such award. *Batson*, 765 F.2d 511, 517; *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1171 (5th Cir.1980); *Gay v. Board of Trustees of San Jacinto College*, 608 F.2d 127, 128 (5th Cir.1979).

Neither side disputes that Rule 37(b)(2)(E) makes the award of fees mandatory. There is however, a significant disparity between the fees sought by appellants, $11,681.35 and those awarded $661.50. Though the record does stipulate that payment of the ordered award, as recommended by the magistrate, should be apportioned between two attorneys, it falls short of any explanation for the award. We can conclude that because the magistrate was in possession of appellants' affidavits which broke down the expenses incurred in connection with the motion for document production, the court took that evidence into account in reaching its decision. However, without reasons why the court assessed fees in the amount it did, we are unable to review its actions to determine whether or not it was within the sound discretion of the court. Accordingly, we remand to the district court to give reasons for the amount of the sanction.

REMANDED.