**A.P. BERNARD, Plaintiff,**

v.

**BETHLEHEM STEEL CORPORATION, Defendant.**

**No. 1:92–CV–263.**

United States District Court, E.D. Texas. Beaumont Division.

Aug. 19, 1993.

Gregg M. Rosenberg, Houston, TX, for plaintiff.

James W. Hambright, Orgain Bell & Tucker, Beaumont, TX, for defendant.

*MEMORANDUM OPINION*

COBB, District Judge.

This is an employment discharge case alleging "pretext" racial discrimination under Title VII of the Civil Rights Act of 1991 (the Act), 42 U.S.C. § 2000e *et seq.* In a "pretext" case, the plaintiff is arguing that the

216

employer's articulated reason for discharge is merely a pretext for discrimination. Plaintiff's former employer, Bethlehem Steel Corporation, moves for summary judgment.

Plaintiff A.P. Bernard was production manager of defendant's Sabine shipyard. He is African–American. On June 28, 1990, his superiors placed him on a performance (improvement) plan, allegedly due to prior, long-standing problems with his work. Plaintiff slipped and fell on the same day, sustaining injuries which required hospitalization. He never returned to work. Plaintiff did not respond to his employer's requests for a medical report justifying his absence and was terminated four months later.

■ A party is entitled to summary judgment only if it meets "the exacting burden of demonstrating that there is no actual dispute as to any material fact in the case." *Landry v. Air Line Pilots Association International AFL–CIO*, 901 F.2d 404, 424 (5th Cir.1990) (citing *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1031 (5th Cir. Unit B 1982)). The court must view the evidence and all factual inferences in the light most favorable to the opposing party, resolving all reasonable doubts in its favor. If any factual issues exist, or if reasonable minds might differ on the inferences arising from undisputed facts, the motion for summary judgment must be denied. However, once the movant has made and supported its motion, the adverse party may not rest upon "mere allegations or denials" but must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

■ Under the "pretext" theory, the plaintiff must make a *prima facie* case of discrimination by showing 1) that she is a member of a protected group; 2) that she was qualified for the job she held; 3) that she was discharged; and 4) that after her discharge, her employer filled the position with a person who is not a member of the protected group. *Norris v. Hartmarx Specialty Stores, Inc.*, 913 F.2d 253, 254 (5th Cir.1990) (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 n. 6, 101 S.Ct. 1089, 1094 n. 6, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct.

1817, 1824, 36 L.Ed.2d 668 (1973)). Once shown, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the discharge. If met, plaintiff must show pretext by showing that a discriminatory reason motivated the defendant or that the proffered reason is unworthy of credence, which "must extend beyond casting doubt on the reasonableness of the employer's action." *Hanchey v. Energas Co.*, 925 F.2d 96, 98 (5th Cir.1990).

■ In this case, plaintiff has made a *prima facie* case of discrimination and defendant has articulated a legitimate, nondiscriminatory reason for the discharge. In an effort to show pretext, plaintiff points to the fact that he was the only black supervisor in defendant's employment, the only supervisor ever to be placed on a performance plan, that he tried to buy the shipyard but was rebuffed, and that the other supervisors refused to deal with him in the performance of his job. Defendant points to the fact that many have tried to buy the shipyard but were rebuffed and to an extended history of difficulties with plaintiff's work. Defendant argues (correctly) that mistaken good faith beliefs or even arbitrariness on an employer's part in terminating an employee are not actionable under Title VII. *Turner v. Texas Instruments*, 555 F.2d 1251 (5th Cir.1977) (unfair business decisions not actionable under Title VII absent racial animus); *Clark v. Resistoflex Co.*, 854 F.2d 762 (5th Cir.1988) (employer's arbitrary acts).

There is no dispute that plaintiff was an "at-will" employee who did not supply medical reports requested by the defendant to justify his four-month absence. The fact that the other supervisors did not like him goes to personal and not racial animus in his discharge. *See Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1164 (5th Cir.1993) (subjective belief is insufficient to establish a claim). Absent anything other than plaintiff's speculation as to their motivation, the court does not see that plaintiff has a case under the Act. *Landry v. Air Line Pilots Association International AFL–CIO*, 901 F.2d at 424 (once the movant has made and supported its motion, the adverse party may

not rest upon "mere allegations or denials" but must "set forth specific facts showing that there is a genuine issue for trial").

Given the above, defendant's motion for summary judgment is GRANTED.