**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 01-10270**
**Summary Calendar**

---

**JEFFERY D. WATKINS,**

**Plaintiff-Appellee,**

**VERSUS**

**ROADWAY EXPRESS, INC.,**

**Defendant-Appellant.**

---

Appeal from the United States District Court
For the Northern District of Texas

---

(3:99-CV-1893-M)

July 8, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jeffery D. Watkins ("Watkins") sued his employer, Roadway Express, Inc. ("Roadway"), for damages resulting from discrimination against him under the Americans with Disability Act ("ADA"). At the conclusion of trial, the jury awarded Watkins compensatory and punitive damages; but the district court vacated

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the award for punitive damages.  The trial court entered final judgment for compensatory damages of $45,500 and back-pay of $15,024.  In addition, the trial court ordered Roadway to reinstate Watkins.  Roadway timely appealed the trial court's judgment in appeal No. 01-10065.  While that appeal was pending the trial court entered a separate final judgment awarding Watkins $91,843.25 in attorney's fees as the prevailing party.  Roadway timely appealed the attorney's fees judgment in appeal No. 01-10270, which is now before this panel.  On August 30, 2001, a prior panel of this court decided the merits appeal (No. 01-10065) in an unpublished opinion, reversed the trial court's judgment and rendered a take-nothing judgment against Watkins.  After reversal of the appeal on the merits, Roadway sought an agreement with Watkins and his counsel to dispose of this appeal on the attorney's fees by way of a joint motion for dismissal.  Watkins and his counsel declined to enter such an agreed dismissal and this appeal has therefore continued for decision on its merits.  We have carefully reviewed the briefs, the reply brief, the record excerpts and the prior decision of this Court in appeal No. 01-10065.  In that prior merits appeal, the panel of this Court held:

> In short, because of the seemingly full and active life enjoyed by Watkins, no reasonable jury could conclude that he was substantially limited in any major life activity.  Watkins was thus not disabled within the meaning of the ADA and he has no action under that statute.

As a matter of law, we now conclude that Watkins cannot now be held

to be the "prevailing party" in this ADA action and is not entitled to recovery of attorney's fees. *See Farrar v. Hobby*, 506 U.S. 103, 109 (1992), and *Sandra Spragis Flowers v. Southern Regional Physician Services, Inc.*, 286 F.3d 798 (5th Cir. 2002).

Accordingly, we reverse the order of the district court entered on January 29, 2001, which awarded Watkins attorney's fees in this case and render judgment that Watkins take nothing on such claim.

During the pendency of this appeal, Roadway has moved this Court for a recovery of its appellate attorney's fees. We have carefully considered such motion and the affidavits in support thereof submitted by Roadway. We have also carefully considered the opposition to the award of attorney's fees filed by Watkins. In light of such review, we now conclude that (1) Roadway is now the prevailing party in this employment discrimination case and is entitled to an award of attorney's fees for its appellate work. *See Norris v. Hartman Specialty Stores, Inc.*, 913 F.2d 253, 257 (5th Cir. 1990). Accordingly, we now grant Roadway's motion for award of attorney's fees in the amount of $5,000 which we find to be a fair and reasonable amount for the legal services involved. Any and all other motions now pending in this appeal are denied.