# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2010

No. 08-31135

Lyle W. Cayce
Clerk

RICKY D FOX,

Plaintiff - Appellant

v.

BILLY RAY VICE, Chief of Police for the Town of Vinton;
TOWN OF VINTON,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CV-135

Before REAVLEY, CLEMENT, and SOUTHWICK, Circuit Judges.

REAVLEY, Circuit Judge:[*]

In an earlier opinion, we held that Appellees Billy Ray Vice and the Town of Vinton were prevailing parties in this case, thus affirming the district court's order on appeal. We also held that Appellant's claims were frivolous and that the district court did not abuse its discretion in awarding Appellees attorneys' fees pursuant to 42 U.S.C. § 1988.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-31135

Appellee Billy Ray Vice has filed a motion for costs pursuant to Federal Rule of Appellate Procedure 39. As the judgment of the district court is affirmed in all respects, Appellee Vice's motion for costs is GRANTED, and costs are taxed against Appellant. *See* FED. R. APP. P. 39(a)(2).

Appellees Vice and Town of Vinton have also moved for an award of attorneys' fees associated with their appellate work. "The same rules that undergird § 1988 fee awards through trial apply to appellate fee claims as well." *Blanchard v. Bergeron*, 893 F.2d 87, 91 (5th Cir. 1990); *see also Hutto v. Finney,* 437 U.S. 678, 693, 98 S. Ct. 2565, 2574-75 (1978) (affirming award of appellate attorneys' fees pursuant to § 1988); *Norris v. Hartmarx Specialty Stores, Inc.*, 913 F.2d 253, 257 (5th Cir. 1990) ("A long and consistent line of Fifth Circuit precedent allows awards of attorneys' fees for both trial and appellate work.").

Appellees' motions for attorneys' fees are GRANTED. Because one of the attorneys has failed to provide any specific details regarding the fees that he is requesting, the case is REMANDED to allow the district court to determine the proper amount of attorneys' fees for all appellate work. *See Norris*, 913 F.2d at 257.