# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20614
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2016

Lyle W. Cayce
Clerk

ROMANO WOODS DIALYSIS CENTER,

Plaintiff-Appellant,

v.

ADMIRAL LINEN SERVICE, INCORPORATED; GROUP & PENSION ADMINISTRATORS, INCORPORATED; THE PHIA GROUP, L.L.C.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:14-CV-1125

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:*

In this Employment Retirement Income Security Act ("ERISA") case, the district court granted summary judgment in favor of Defendants-Appellees. The district court then denied Plaintiff-Appellant's motion for reconsideration and granted Defendants-Appellees' motion for attorney's fees and costs. Plaintiff-Appellant appeals herein. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20614

## I.

Plaintiff-Appellant Romano Woods Dialysis Center ("Romano") is a medical provider of dialysis treatments. Starting in 2012, Romano began providing dialysis treatments to Leanna Guggenmos ("Leanna"), an employee of Defendant-Appellee Admiral Linen Service, Inc. ("Admiral"). Leanna is covered by Admiral's Welfare Benefit Plan (the "Plan"). Admiral is the Plan Administrator and Defendant-Appellee Group & Pension Administrators, Inc. ("GPA") is the Claims Administrator. GPA contracted in late 2012 with Specialty Care Management LLC ("Specialty") to assist with processing reimbursement claims for dialysis treatments, including Leanna's treatments.

After providing multiple dialysis treatments to Leanna, Romano filed suit in 2014 against Defendants-Appellees asserting ERISA claims for benefits, breach of fiduciary duty, and interference with ERISA rights. *See* 29 U.S.C. § 1132(a)(1)(B). Romano claimed, *inter alia*, that Leanna was entitled to reimbursement for all unpaid medical expenses – as billed by Romano – incurred as part of her dialysis treatments, an amount totaling approximately $1,363,344.00. Defendants-Appellees countered that, under the terms of the Plan as confirmed by their communications with Romano prior to beginning Leanna's dialysis treatments, reimbursement was based on the Medicare rules and reimbursement rates. As such, with one limited exception,[1] 125% of the applicable Medicare rate had been paid to Romano under the terms of the Plan.

## II.

Upon considering both parties' cross-motions for summary judgment, the district court rendered summary judgment in favor of Defendants-Appellees and dismissed Romano's claims with prejudice. Additionally, the district court

---

[1] The record indicates that, pursuant to a separate and limited Single Case Agreement, the parties agreed that Defendants-Appellees would reimburse Romano at a rate of 65% of the billed charges for claims incurred between June 25, 2012, and October 31, 2012.

No. 15-20614

granted Defendants-Appellees' subsequent motion for attorney's fees and costs in the amount of $209,350.13, pursuant to 29 U.S.C. § 1132(g)(1).

In separate memorandums providing its reasons for judgment, the district court noted that the plain language of the Plan provides that dialysis charges may be subject to Medicare rules and reimbursement rates – an amount which Admiral exceeded in reimbursing Romano. Accordingly, Admiral's reimbursement to Romano in the amount of 125% of the applicable Medicare rate was not arbitrary, capricious or an abuse of discretion.

Additionally, the district court concluded that a conflict of interest existed as a result of Admiral being both the Plan Sponsor and Plan Administrator; however, the conflict was of minimal importance in determining whether Admiral's interpretation of the Plan was arbitrary and capricious. It reasoned that Admiral's decision to hire Specialty as its Claims Administrator – a third party with no pecuniary interest – indicated that Admiral took active steps to reduce its own potential conflict and to promote an accurate administration of Leanna's claims. Specialty reviewed the applicable paperwork and recommended payment to Romano in the amount of 125% of the applicable Medicare rate and Admiral paid Romano accordingly. As a result, the conflict of interest created by Admiral serving as both the Plan Sponsor and the Plan Administrator was minimal.

Finally, upon analyzing Defendants-Appellees' "Motion for Attorneys' Fees and Costs" under *Bowen*[2] and *Johnson*,[3] the district court awarded reasonable and necessary attorney's fees in the amount of $209,350.13, to be recovered from Romano. In its reasons for judgment with respect to the award of attorney's fees, the district court placed particular emphasis on Romano's

---

[2] *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980).

[3] *Johnson v. GA Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

"bad faith" in filing suit against Defendants-Appellees, in light of the plain language of the Plan clearly stating that dialysis charges may be subject to Medicare rules and reimbursement rates.[4]

Romano appeals the district court's award of summary judgment in favor of Defendants-Appellees and its award of attorney's fees and costs.

On appeal, Romano argues that Defendants-Appellees' interpretation of the Plan – which they used to reimburse Romano based on Medicare rates – was legally wrong, that their interpretation of the Plan was tainted by a conflict of interest, and that the district court abused its discretion in awarding attorney's fees against Romano.

Should this court affirm the district court's summary judgment, Defendants-Appellees request that they be awarded additional attorney's fees and costs incurred after June 30, 2015, in defending this appeal.

## III.

"We review the district court's judgment on cross motions for summary judgment de novo, addressing each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *See Morgan v. Plano Ind. Sch. Dist.*, 589 F.3d 740, 745 (5th Cir. 2009) (citation omitted). We "affirm only if there is no genuine issue of material fact and the party is entitled to prevail as a matter of law." *Id.* (citation omitted). Where "the language of an ERISA benefits plan grants the plan administrator discretionary authority to interpret the plan and determine eligibility for benefits, the plan administrator's denial of benefits is reviewed for an abuse of discretion." *Hagen v. Aetna Ins. Co.*, 808 F.3d 1022, 1026 (2015) (citation omitted). We also review a district court's award of attorney's fees for abuse of

---

[4] Defendants-Appellees also contend that Romano was advised prior to beginning Leanna's treatments that its dialysis charges may be subject to Medicare rules and reimbursement rates.

4

No. 15-20614

discretion.  *See Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1016 (5th Cir. 1992) (citation omitted).

## IV.

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable law, and the district court's judgment, memorandums and orders, we affirm the district court's summary judgment in favor of Defendants-Appellees and adopt its analysis in full.

Courts have held that the ERISA fee-shifting provision entitles parties to attorney's fees incurred on appeal.  *See Prod. & Maint. Emps. Local 504 v. Roadmaster Corp.*, 954 F.2d 1397, 1407 (7th Cir. 1992); *see also Nachwalter v. Christie*, 805 F.2d 956, 961 (11th Cir. 1986) (collecting cases).  This court's precedent has similarly allowed for awards of attorney's fees for both trial and appellate work.  *See Norris v. Hartmarx Specialty Stores, Inc.*, 913 F.2d 253, 257 (5th Cir. 1990).  Accordingly, we award Defendants-Appellees attorney's fees for this appeal and we remand to allow the district court to determine the amount of attorney's fees to be granted to Defendants-Appellees for their appellate work.

The judgment is AFFIRMED.  This matter is REMANDED for the limited purpose of calculating an award of attorney's fees incurred on appeal.