# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2022

Lyle W. Cayce
Clerk

No. 21-30411

Kelly Migdon,

*Plaintiff—Appellant*,

*versus*

171 Holdings, L.L.C., *doing business as* 171 Junction Roadhouse; Steve Anderson; A D R Holdings, L.L.C.,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-160

---

Before Smith, Costa, and Wilson, *Circuit Judges*.

Per Curiam:*

Kelly Migdon appeals an order dismissing her Title VII claim against defendant 171 Holdings, LLC. The problem is that other claims in the case are unresolved. The docket reflects a pending trial on the "issues that remain." Presumably, these issues are an Equal Pay Act claim against 171

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Holdings (the court granted summary judgment on liability in favor of Migdon but damages still need to be determined),[1] and the claims against defendant Picayune Social House NOLA, LLC. With these claims still pending, there is not a final judgment. *Dunlop v. Ledet's Foodliner of Larose, Inc.*, 509 F.2d 1387, 1389 (5th Cir. 1975) (per curiam) (finding no final judgment because one of appellant's claims was still pending); *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1378–79 (5th Cir. 1980) (finding no final judgment because claims were still pending against other defendants); *see also* 15A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3909 (2d ed. 2021) (recognizing that subject to limited exceptions, a final judgment includes "only a judgment that finally determines all issues as to all parties involved in a case"). The absence of a final judgment usually means there can be no appeal. *See* 28 U.S.C. § 1291 (authorizing appeals only of "final decisions of the district courts"); *Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.").

There is a procedure that allows an appeal when a court has dismissed only some of the claims or parties from a case. *See* Fed. R. Civ. P. 54(b) (allowing issuance of partial final judgments "only if the court expressly determines that there is no just reason for delay"). But Migdon did not

---

[1] The district court granted summary judgment in favor of Migdon on Equal Pay Act liability after 171 Holdings, which no longer has counsel, failed to respond to the motion. It is unclear how 171 Holdings will be able defend itself at the damages trial without counsel. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (noting that it is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney"); *see also Lohr v. Gilman*, 2017 WL 3189641, at *1 (N.D. Tex. July 27, 2017) (entering default judgment against corporate defendants for failure to obtain counsel).

request a Rule 54(b) order and the district court did not enter one.  *See Thompson v. Betts*, 754 F.2d 1243, 1245–46 (5th Cir. 1985).  Nor does anything in the record indicate the "unmistakable intent to enter a partial final judgment" that we have required to infer entry of a Rule 54(b) judgment. *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc) (per curiam).

The finality rule avoids piecemeal review of a single lawsuit.  *Catlin*, 324 U.S. at 233–34.  That purpose is implicated here. It is unlikely that deciding Migdon's Title VII appeal now would prevent a second appeal once the remaining claims are resolved.  The final judgment rule prevents us from reviewing this case "in fragments" and instead requires that we wait until the whole case is decided.  *Id.* (quoting *Luxton v. N. River Bridge Co.*, 147 U.S. 337, 341 (1893)).

We thus DISMISS Migdon's appeal for lack of jurisdiction.